Chris H. Stewart, Esq. Stewart Law Firm Comcast Building 1020 West 4th Street, Suite 400 Little Rock, Arkansas 72201
Dear Mr. Stewart:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2007), of the popular name and ballot title for a proposed constitutional amendment. Your popular name and ballot title are as follows:
 Popular Name AN AMENDMENT TO REPEAL THE STATE INCOME TAX AND OTHER STATE TAXES AND ENACT A FLAT RATE STATE CONSUMPTION TAX Ballot Title A CONSTITUTIONAL AMENDMENT TO REPEAL ALL STATE TAXES AND TO ENACT A FLAT RATE STATE CONSUMPTION TAX; THE GENERAL ASSEMBLY SHALL BY A MAJORITY VOTE IN EACH HOUSE LEVY THE INITIAL RATE OF THE FLAT RATE STATE CONSUMPTION TAX EFFECTIVE JULY 1, 2012; NO FLAT RATE STATE CONSUMPTION TAX IS IMPOSED ON NEW CONSUMABLE GOODS OR SERVICES PURCHASED IN THE STATE FOR A BUSINESS PURPOSE IN A TRADE OR BUSINESS, INCLUDING THE RESALE OF NEW, CONSUMABLE GOODS, *Page 2 
A TAXABLE PROPERTY OR SERVICE PURCHASED IN THE STATE FOR AN INVESTMENT PURPOSE AND HELD EXCLUSIVELY FOR AN INVESTMENT PURPOSE, A CONSUMABLE GOOD THAT HAS BEEN TAXED AT THE INITIAL RETAIL LEVEL AND IS TRANSFERRED BY A SUBSEQUENT SALE; AND, SERVICES INDISCRIMINATELY REQUIRED BY LAW TO BE ADMINISTERED BY A NONGOVERNMENTAL ENTITY OR PRIVATE SECTOR TRADE OR BUSINESS; THE GENERAL ASSEMBLY MAY CHANGE THE INITIAL RATE OF THE FLAT RATE STATE CONSUMPTION TAX BY A VOTE OF AT LEAST THREE-FOURTHS (3/4THS) OF THE MEMBERS ELECTED TO EACH HOUSE; THE GENERAL ASSEMBLY SHALL DETERMINE THE DISTRIBUTION OF THE FLAT RATE STATE CONSUMPTION TAX TO PROVIDE FOR THE EDUCATION, HEALTH, AND WELFARE OF THE CITIZENS OF THE STATE OF ARKANSAS; THE FLAT RATE STATE CONSUMPTION TAX SHALL NOT INHIBIT OR AFFECT THE POWER OF A COUNTY OR MUNICIPALITY TO LEVY AND COLLECT LOCAL TAXES; THE ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION SHALL PROMULGATE RULES AND REGULATIONS NECESSARY TO ADMINISTER THE FLAT RATE STATE CONSUMPTION TAX; EACH MONTH EVERY CITIZEN OF ARKANSAS SHALL BE REFUNDED A PREBATE IN AN AMOUNT THE FLAT RATE STATE CONSUMPTION TAX PAID BY THE CITIZEN FOR ESSENTIAL CONSUMABLE GOODS AND SERVICES; THE ARKANSAS DEPARTMENT OF HUMAN SERVICES SHALL IDENTIFY THE VALUE OF ESSENTIAL CONSUMABLE GOODS AND SERVICES UP TO THE POVERTY GUIDELINES AND TO DETERMINE THE AMOUNT OF THE MONTHLY PREBATE AWARDED TO EACH CITIZEN EQUALLY IRRESPECTIVE OF AGE OR MARITAL STATUS; EACH HEAD OF HOUSEHOLD SHALL RECEIVE THE SAME AMOUNT OF PREBATE MULTIPLIED BY THE NUMBER OF PERSONS IN THE COMMON RESIDENCE; TO RECEIVE A PREBATE THE HEAD OF HOUSEHOLD SHALL REGISTER DEPENDENTS AND *Page 3 
PERTINENT INFORMATION WITH THE ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION ACCORDING TO FORMS PRESCRIBED BY THE ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION; FORMS PRESCRIBED BY THE ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION SHALL NOT REQUIRE MORE INFORMATION THAN WHAT IS PERTINENT TO PROMULGATE ITS DUTIES UNDER THIS AMENDMENT AND SHALL NOT CONFLICT WITH THE PURPOSE AND INTENT OF THIS AMENDMENT; THE ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION SHALL PROMULGATE RULES AND REGULATIONS TO ADMINISTER THE DISTRIBUTION OF THE PREBATE AND DISTRIBUTE THE FLAT RATE STATE CONSUMPTION TAX; AND MAKING THE AMENDMENT EFFECTIVE JULY 1, 2012
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neither certificationnor rejection of a popular name and ballot title reflects my view ofthe merits of the proposal. This Office has been given no authorityto consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearly contrary to law."Kurrus v. Priest, 342 Ark. 434, 29 S.W.3d, 669 (2000);Donovan v. Priest, 326 Ark. 353, 931 S.W.2d 119 (1996); andPlugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the *Page 4 
proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensurethat the popular name and ballot title honestly, intelligibly, andfairly set forth the purpose of the proposed amendment or act.See Arkansas Women's Political Caucus v. Riviere,283 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device.Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v.Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v.Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall,229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v. Riviere,270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen,318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v.McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald,192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen,310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring.Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law.Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) *Page 5 
honest, and 3) impartial. Becker v. McCuen,303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed popular name and ballot title due to ambiguities in the text of your proposed measure. A number of additions or changes to your popular name and ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct popular name and ballot title pursuant to A.C.A. § 7-9-107(b).
I refer to at least seven sets of ambiguities. First, while the Arkansas Supreme Court has never rejected a ballot title solely because it was excessively long, an unduly wordy or excessively long ballot title can confuse voters. Your ballot title contains 872 words. The longest ballot title ever approved by the Arkansas Supreme Court contained 994 words, which summarized the substance of the voter-initiated Tobacco Settlement Proceeds Act. Walker v.Priest, 342 Ark. 410, 29 S.W.3d 657 (2000). In approving that ballot title, however, the court stressed that its substance had already been widely publicized and a 994-word ballot title "staked out the outer limits for length and complexity."Id. at 240, 426. The court has invalidated several ballot titles as excessively long and overly complicated that were shorter and less complicated than the ballot title you have submitted.See, e.g., Scott v. Priest,326 Ark. 328, 932 S.W.2d 746 (1996) (550-word title not invalid on length alone, but this factor plus serious omissions defeated title); Christian Civic Action Committee v. McCuen, supra
(709-word title struck down with length as a major factor when viewed in light of other defects); and Dust v. Riviere,277 Ark. 1, 638 S.W.2d 663 (1982) (727-word title invalid as too lengthy, complex, misleading and confusing).
In my opinion, a review of these precedents raises serious concerns regarding the length of your proposed ballot title. Granted, your measure is very complex and has far-reaching implications for existing tax law, which may in part justify the length of the current ballot title. Nevertheless, in my opinion, the ballot title you have submitted is unnecessarily lengthy and essentially repeats each provision of *Page 6 
the proposed amendment, which repetition reflects no apparent effort to identify the most substantive and important provisions.
Second, the structure, or overall goal of your proposed amendment is unclear. The proposed amendment seeks to abolish all state taxes: "A constitutional amendment to repeal all state taxes. . . ." The amendment seeks to replace those taxes with a "flat rate state consumption tax." Some or all of this consumption tax is then given back to Arkansas citizens according to what the amendment calls a "prebate." The manner in which this structure is set out in the proposed amendment is fraught with several ambiguities. First, the term "prebate" appears to be coined solely to describe the "refund" system the amendment contemplates. While the text of the measure defines "prebate," the undefined use of that term in the ballot title is bound to confuse voters. Second, the meaning of a "flat rate state consumption tax" is entirely unclear. On the one hand, the phrase seems to contemplate a percentage tax on certain goods that Arkansas citizens purchase. This seems very similar, if not identical, to what is commonly referred to as a "sales tax." But two other clauses in the proposed amendment seem to count against this phrase meaning "sales tax." One of the two other clauses requires that each payee be "refunded a prebate" equal to the "amount the flat rate state consumption tax [sic] paid by the citizen. . . ." While this sentence itself has some kind of typographical or syntactical error, it seems to require the tax be returned to the payee. The second of the other two clauses contemplates that each citizen receives the exact same "prebate" "refund": "Each head of household shall receive the same amount of prebate . . ." So the clauses, when read together, seem to tie the "consumption tax" to consumption, and then assume that all citizens consume identical amounts because they receive identical consumption payments.
Third, your proposed amendment will likely confuse voters regarding what revenues, if any, will be available to the State of Arkansas to replace the abolished income taxes, payroll taxes, capital gains taxes, corporate taxes, and real-estate transfer taxes. This is unclear, as a structural matter, because the proposed amendment abolishes all state taxes and institutes "a flat rate state consumption tax. . . ." While the details of such a "consumption tax" are themselves unclear, another provision in your proposed amendment refunds some or all the "consumption taxes" to Arkansas citizens. So your proposed measure appears to abolish all state taxes and institutes a "flat rate state consumption tax," but then refunds some or all those taxes revenues to the payees. Voters need to be more *Page 7 
clearly apprised of the consequences, if any, to state revenues. As this office has previously stated: "[I]f your proposed measure would result in a loss of tax revenues that could impact upon existing programs and services that are currently supported by the revenues that would be lost, the measure and its title must notify voters of this potential impact. Kurrus v. Priest,342 Ark. 434, 29 S.W.3d 669 (2000)." Op. Att'y Gen. 2003-348, at 5.
Fourth, your proposed amendment contains an impossible effective-date. The proposed amendment states: "[T]he general assembly [sic] shall by a majority vote in each house levy the initial rate of the flat rate state consumption tax effective July 1, 2012. . . ." The General Assembly next meets for general legislative sessions in January 2011 and January 2013. If this proposed amendment reaches the ballot at the next general election, then the earliest time people can vote on the amendment is November 2011. But the General Assembly's session will be concluded by then. Therefore, the General Assembly cannot possibly pass legislation to implement the proposed amendment by July 1, 2012 (assuming it passes) because the people will not even have voted on it in time.
Fifth, the proposed amendment contains a "supermajority" requirement that is found in the middle of the ballot title, and may need to be moved closer to the beginning of the ballot title so as not to mislead voters. The proposed amendment requires the General Assembly to set the initial rate of the "flat rate state consumption tax." Another clause of the amendment requires any change from that initial rate to be effected by "a vote of at least three-fourths (3/4ths) of the members elected to each house." This supermajority requirement makes it more difficult to alter the initial rate. In my opinion, this information may give voters cause for serious reflection and, thus, should be made more prominent in the ballot title.
Sixth, the proposed amendment contains an exemption from the taxation requirement that is incomprehensible. The proposed exemption states: "No flat rate state consumption tax is imposed on . . . [s]ervices indiscriminately required by law to be administered by a nongovernmental entity or private sector trade or business." Because this exemption is so unclear as a whole, I cannot begin to point to specific ambiguities. *Page 8 
Seventh, the proposed amendment contains a key phrase that is extremely vague. The proposed amendment would require the Arkansas Department of Human Services to "identify the value of essential consumable goods and services. . . ." Another clause defines "essential consumable goods and services" as "consumable goods and services that are necessary for human sustenance." The set of items that qualify as "necessary for human sustenance" is extremely unclear and the proposed amendment makes no effort to elaborate on those items.
While there are several other, more narrow, ambiguities in other areas of your proposed amendment, these seven sets of ambiguities are sufficient to reject your ballot title. Further, additional ambiguities may come to light on further review of any revisions of this proposed amendment.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107 and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law.See, e.g., Finn v. McCuen,303 Ark. 418, 793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure."Roberts v. Priest, 341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed popular name and ballot title, stating my reasons therefore, and to instruct you to *Page 9 
"redesign" the proposed measure, popular name and ballot title.See A.C.A. § 7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted popular name and ballot title may be necessary. I will perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
DUSTIN McDANIEL Attorney General